# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | |
|---|---|
| JOHNNY RALPH JACKSON CHAMBERS, | |
| Plaintiff, | CIVIL ACTION NO.: 6:15-cv-54 |
| v. | |
| DR. BROOME; STEVE NICOLOU; P.A. CARAVIELLO; DR. JOHN DOE; NURSE MERCER; and NURSE LIGHTLY, | |
| Defendants. | |

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, who is currently housed at Georgia State Prison in Reidsville, Georgia, submitted a Complaint in the above captioned action pursuant to 42 U.S.C. § 1983 alleging that he has been provided inadequate medical care. (Doc. 1.) The Court has conducted the requisite frivolity review of that Complaint. For the reasons stated below, I **RECOMMEND** that the Court **DISMISS** Plaintiff's claims against all Defendants. Additionally, I **RECOMMEND** that the Court **DENY** Plaintiff leave to appeal in forma pauperis.

## BACKGROUND[1]

Plaintiff filed this action against six Defendants on May 18, 2015. (Doc. 1.) He alleges that he has received inadequate medical care at Georgia State Prison. (Doc. 1, p. 5.) Specifically, Plaintiff contends that in July and August of 2014, he went to the medical department to receive treatment for rashes, bumps, blisters, and itching problems all over his body. Id. He alleges that Defendant Steve Nicolou, Defendant Physician Assistant Caraviello,

---

[1] The below recited facts are taken from Plaintiff's Complaint and are accepted as true, as they must be at this stage.

Defendant Dr. John Doe, and Defendant Nurses Mercer and Lightly saw Plaintiff. Id. He alleges that Defendants Nicolou, Caraviello, and Dr. John Doe "kept misdiagnosing [Plaintiff's] condition as celludidous [sic] or something." Id. He alleges that Defendants Nicolou, Caraviello, and Dr. John Doe gave him the wrong medications and steroid shots that were administered by Nurse Lightly. Id. He alleges that on October 29, 2014, he was sent to Ware State Prison to see a dermatologist who diagnosed his condition (apparently correctly) as sarcoptes scabiei (or scabies) and prescribed Plaintiff permethrin. Id. Plaintiff conclusively alleges that Defendants were deliberately indifferent to his medical needs in violation of his Eighth Amendment rights to be free from cruel and unusual punishment. Id.

## STANDARD OF REVIEW

Plaintiff seeks to bring this action *in forma pauperis* under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

When reviewing a Complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See

Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse

mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## DISCUSSION

### I. Official Capacity Claims

Plaintiff cannot sustain a Section 1983 claim against Defendants in their official capacities. States are immune from private suits pursuant to the Eleventh Amendment and traditional principles of state sovereignty. Alden v. Maine, 527 U.S. 706, 712–13 (1999). Section 1983 does not abrogate the well-established immunities of a state from suit without its consent. Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989). Because a lawsuit against a state officer in his official capacity is "no different from a suit against the [s]tate itself," such a defendant is immune from suit under Section 1983. Id. at 71. Here, the State of Georgia would be the real party in interest in a suit against Defendants in their official capacities as officers at a state penal institution. Accordingly, the Eleventh Amendment immunizes these actors from suit in their official capacities. See Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989). Absent a waiver of that immunity, Plaintiff cannot sustain any constitutional claims against Defendants in their official capacities, and these claims should be **DISMISSED**.

### II. Supervisory Liability Claims

Section 1983 liability must be based on something more than a defendant's supervisory position or a theory of respondeat superior.[2] Bryant v. Jones, 575 F.3d 1281, 1299 (11th Cir. 2009); Braddy v. Fla. Dep't of Labor & Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional

---

[2] The principle that respondeat superior is not a cognizable theory of liability under Section 1983 holds true regardless of whether the entity sued is a state, municipal, or private corporation. Harvey v. Harvey, 949 F.2d 1127, 1129-30 (11th Cir.1992).

4

violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802. "To state a claim against a supervisory defendant, the plaintiff must allege (1) the supervisor's personal involvement in the violation of his constitutional rights, (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged deprivation that he then failed to correct." Barr v. Gee, 437 F. App'x 865, 875 (11th Cir. 2011).

It appears Plaintiff wishes to hold Defendant Broome liable based solely on his position as the Medical Director at Georgia State Prison. (Doc. 1, p. 4.) His statement of claim does not even mention Dr. Broome much less establish how he was involved in Plaintiff's alleged inadequate medical care. (Id. at p. 5.) Consequently, Plaintiff has not established that Defendant Broome had any personal involvement in the violation of his constitutional rights or that there is any causal connection between her conduct and the violation. Thus, Plaintiff's claims against Defendant Broome should be **DISMISSED**.

**III.    Failure to State an Eighth Amendment Claim Against all Defendants**

In order to state a claim for relief under Section 1983, Plaintiff must satisfy two elements. First, he must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa Cty., 50 F.3d 1579, 1582 (11th Cir. 1995). Second, Plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id.

The Eighth Amendment imposes duties on prison officials including the duty to take reasonable measures to ensure the safety of inmates. Farmer v. Brennan, 511 U.S. 825, 828

(1994). This right to safety is violated when a defendant shows a deliberate indifference to a substantial risk of serious harm. Carter v. Galloway, 352 F.3d 1346, 1349 (11th Cir. 2003) (citing Farmer, 511 U.S. at 828). In order to prevail on such a claim, the plaintiff must establish the following: (1) there was a substantial risk of serious harm to him; (2) defendant showed a deliberate indifference to this risk; and (3) there is a causal connection between the defendant's acts or omissions and the alleged constitutional deprivation. Id.

In the medical care context, the standard for cruel and unusual punishment, embodied in the principles expressed in Estelle v. Gamble, 429 U.S. 97, 104 (1976), is whether a prison official exhibits a deliberate indifference to the serious medical needs of an inmate. Farmer, 511 U.S. at 828. However, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (quoting Estelle, 429 U.S. at 105). Rather, "an inmate must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994).

In order to prove a deliberate indifference claim, a prisoner must overcome three obstacles. The prisoner must: (1) "satisfy the objective component by showing that [he] had a serious medical need"; (2) "satisfy the subjective component by showing that the prison official acted with deliberate indifference to [his] serious medical need"; and (3) "show that the injury was caused by the defendant's wrongful conduct." Goebert v. Lee Cty., 510 F.3d 1312, 1326 (11th Cir. 2007). A medical need is serious if it "'has been diagnosed by a physician as mandating treatment or [is] one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Id. (quoting Hill, 40 F.3d at 1187). As for the subjective component, the Eleventh Circuit has consistently required that "a defendant know of and

6

disregard an excessive risk to an inmate's health and safety." Haney v. City of Cumming, 69 F.3d 1098, 1102 (11th Cir. 1995). Under the subjective prong, an inmate "must prove three things: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." Goebert, 510 F.3d at 1327.

"The meaning of 'more than gross negligence' is not self-evident[.]" Goebert, 510 F.3d at 1327. In instances where a deliberate indifference claim turns on a delay in treatment rather than the type of medical care received, the factors considered are: "(1) the seriousness of the medical need; (2) whether the delay worsened the medical condition; and (3) the reason for the delay." Id. "When the claim turns on the quality of the treatment provided, there is no constitutional violation as long as the medical care provided to the inmate is 'minimally adequate.'" Blanchard v. White Co. Det. Center Staff, 262 Fed. Appx. 959, 964 (11th Cir.2008) (quoting Harris, 941 F.2d at 1504). "Deliberate indifference is not established where an inmate received care but desired different modes of treatment." Id.

Plaintiff has failed to allege sufficient facts to state a claim that Defendants disregarded a medical need with conduct that is more than gross negligence. The most that Plaintiff has stated is that Defendants Nicolou, Caraviello, and Dr. John Doe "kept misdiagnosing [Plaintiff's] condition . . . ." (Doc. 1, p. 5.) Plaintiff does not allege any facts that Defendants Broome, Mercer, or Lightly even made any mistakes as to his medical treatment, much less disregarded a serious medical need. Furthermore, Plaintiff's allegations, at most, accuse Defendants Nicolou, Caraviello, and Dr. John Doe of negligence. The Supreme Court has emphasized that mere negligence in providing medical treatment or a difference of medical opinion does not give rise to an Eighth Amendment claim, and medical malpractice does not become a constitutional violation simply because the victim is incarcerated. Estelle, 429 U.S. at 106; see also, Kelley v.

7

Hicks, 400 F.3d 1282, 1285 (11th Cir. 2005) ("Mere negligence, however, is insufficient to establish deliberate indifference."); Johnson v. Quinones, 145 F.3d 164, 168 (4th Cir.1998) (negligence in misdiagnosis of pituitary tumor not sufficient for Eight Amendment claim); Moore v. Mcneil, No. 09-22754-CIV, 2009 WL 7376782, at *5 (S.D. Fla. Dec. 7, 2009) report and recommendation adopted in part, No. 09-22754-CIV, 2011 WL 304313 (S.D. Fla. Jan. 28, 2011) ("Treatment violates the Eighth Amendment only if it involves something more than a medical judgment call, an accident, or an inadvertent failure. It must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.") (internal quotations and citations omitted) (quoting Murrell v. Bennett, 615 F.2d 306, 310 n. 4 (5 Cir.1980), & Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir.1986)). The purpose of the subjective requirement of the deliberate indifference test is "to prevent the constitutionalization of medical malpractice claims; thus, a plaintiff alleging deliberate indifference must show more than negligence <u>or the misdiagnosis of an ailment</u>." Rouster v. Cty. of Saginaw, 749 F.3d 437, 446–47 (6th Cir.2014) (emphasis supplied) (quoting Comstock v. McCrary, 273 F.3d 693, 703 (6th Cir.2001)); Payne v. Groh, No. CIV. 1:99CV83, 1999 WL 33320439, at *5 (W.D.N.C. July 16, 1999) ("An allegation of misdiagnosis, even when accompanied by a speculative allegation of subjective intent, amounts only to the state-law tort of medical malpractice, not to a tort of constitutional magnitude for which Section 1983 is reserved.").

Plaintiff's allegations, even when accepted as true and construed in his favor, simply do not rise to the level of a constitutional violation. Consequently, the Court should **DISMISS** all of Plaintiff's federal claims against all Defendants.

**IV.    State Law Claims**

"[I]n any civil action of which the district courts have original jurisdiction," district courts also have supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a). "The dismissal of [Plaintiff's] underlying federal question claim does not deprive the court of supplemental jurisdiction over the remaining state law claims." Baggett v. First Nat. Bank of Gainesville, 117 F.3d 1342, 1352 (11th Cir.1997). Instead, pursuant to 28 U.S.C. § 1367(c), "the Court has the discretion to decline to exercise supplemental jurisdiction over non-diverse state law claims, where the court has dismissed all claims over which it had original jurisdiction, but the court is not required to dismiss the case." Id. "Where § 1367(c) applies, considerations of judicial economy, convenience, fairness, and comity may influence the court's discretion to exercise supplemental jurisdiction." Id. at 1353.

While the Court has the discretion to retain jurisdiction over state law claims after dismissal of federal claims, the law cautions against doing so. Mergens v. Dreyfoos, 166 F.3d 1114, 1119 (11th Cir .1999) (in its discretion the district court may dismiss State law claims after dismissing federal claims; "[m]ore specifically . . . if the federal claims are dismissed prior to trial, [United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966) ] strongly encourages or even requires dismissal of state claims") (quotes and cite omitted); accord Granite State Outdoor Advertising, Inc. v. Cobb County, GA, 193 Fed. Appx. 900, 907 (11th Cir.2006). When exercising its discretion, the Court takes into consideration that, "state courts, not federal courts, should be the final arbiters of state law." Ingram v. Sch. Bd. of Miami–Dade Cty., 167 F. App'x 107, 108 (11th Cir.2006); see also Hicks v. Moore, 422 F.3d 1246, 1255 n. 8 (11th Cir.2005) ("Certainly, if the federal claims are dismissed before trial, . . . the state claims should be

dismissed as well.") (internal quotation and citation omitted); Raney v. Allstate Ins. Co., 370 F.3d 1086, 1088–89 (11th Cir.2004) ("We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial."). Consequently, to the extent that Plaintiff has brought any state law claims, the Court should decline to retain jurisdiction and **DISMISS** the state law claims **WITHOUT PREJUDICE**.

## V. Leave to Appeal In Forma Pauperis

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[3] Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not take in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

---

[3] A certificate of appealablity is not required in this Section 1983 action.

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should be **DENIED**.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** that the Court **DISMISS** Plaintiff's federal claims against all Defendants. I further **RECOMMEND** that the Court **DISMISS** all of Plaintiff's state law claims **WITHOUT PREJUDICE**.

Any party seeking to object to this Report and Recommendation is **ORDERED** to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final

judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon the Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 16th day of December, 2015.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA